IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JIMMY LAWRENCE NANCE,

    Plaintiff,

v.

THOMAS LILLARD and
SHAWN SCARBROUGH,

    Defendants.

Case No. 24-cv-1632-NJR

# MEMORANDUM AND ORDER

**ROSENTENGEL, Chief Judge:**

Plaintiff Jimmy Lawrence Nance, an inmate of the Federal Bureau of Prisons who is currently incarcerated at the Federal Correctional Institution—Greenville, brings this action for deprivations of his constitutional rights.[1] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

---

[1] Nance's Complaint indicates that he is bringing his claims pursuant to 42 U.S.C. § 1983, but because he is a federal prisoner, the appropriate authority is *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). A *Bivens* action is the federal equivalent of a Section 1983 civil rights action. *See Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (collecting cases).

1

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Nance alleges that on October 14, 2023, the outside cell windows at FCI—Greenville were "painted" to block all view of the outside world and direct sunlight (Doc. 1, p. 1). Nance alleges this action was authorized and ordered by Warden Thomas Lillard and included approximately 120 cells, including his (*Id*. at p. 3). Nance alleges that the painted windows block sunlight, creating a tomb like atmosphere (*Id*.). Nance compares the conditions to solitary confinement (*Id*. at p. 4). He alleges that the lack of light is harmful to his mental stability because he becomes disoriented when he is not able to distinguish between day and night.

Nance also argues that Warden Lillard's actions create disparate treatment of similarly situated prisoners because some of the windows were left unpainted (*Id*. at p. 3). Thus, only a select number of inmates lack access to sunlight and views of the sky while other inmates were not denied access (*Id*. at p. 4-5). Nance spoke to Warden Thomas Lillard about this, but Lillard failed to remedy the issue. Nance also spoke to Captain Scarbrough, but he merely deferred to Warden Lillard (*Id*. at p. 5). Nance further alleges that Scarbrough acted in accordance with Lillard's decision to paint the windows (*Id*. at p. 6). Nance has pursued his complaint through the administrative process to no avail (*Id*.). Nance now sues Thomas Lillard and Scarbrough in both their individual capacities, as well as their official capacities for injunctive relief (*Id*. at pp. 2, 7).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

**Count 1:** **Eighth Amendment conditions of confinement claim under *Bivens* against Warden Thomas Lillard and Shawn Scarbrough for painting the windows in Nance's cell, blocking all sunlight and view of the outside.**

**Count 2:** **Eighth Amendment condition of confinement claim for injunctive relief against Warden Thomas Lillard and Shawn Scarbrough for painting the windows in Nance's cell, blocking all sunlight and view of the outside.**

**Count 3:** **Fifth Amendment equal protection claim under *Bivens* against Warden Thomas Lillard and Shawn Scarbrough for painting the windows in Nance's cell, blocking all sunlight and view of the outside.**

**Count 4:** **Fifth Amendment equal protection claim for injunctive relief against Warden Thomas Lillard and Shawn Scarbrough for painting the windows in Nance's cell, blocking all sunlight and view of the outside.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

*Bivens* **Claims (Counts 1 and 3)**

As mentioned in note 1 above, although Nance filed his lawsuit pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights, Nance is a federal prisoner and the defendants are officials at FCI—Greenville. Thus, his lawsuit is actually brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). The Supreme Court in *Bivens* acknowledged that "victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980). The Court has explicitly recognized this implied damages remedy in only three contexts, however, including a claim for an unlawful search and seizure in violation of the Fourth Amendment in *Bivens*, 403 U.S. 388; a claim for gender discrimination in violation of the Fifth Amendment in *Davis v. Passman*, 442 U.S. 228 (1979); and a claim for the denial of medical care in violation of the Eighth Amendment in *Carlson v. Green*, 446 U.S. 14. In the four decades that have since passed, the Supreme Court has not recognized a *Bivens* remedy in any other context. Moreover, the Supreme Court has cautioned lower courts against expanding this remedy into new contexts absent special circumstances. *Ziglar v. Abbasi*, 582 U.S. 120 (2017).

When presented with a proposed *Bivens* claim, a district court must undertake a two-step inquiry. *See Hernandez v. Mesa,* 589 U.S. 93, 102 (2020). First, the Court must ask whether the claim presents a new *Bivens* context. *Abbasi,* 580 U.S. at 138. Second, if the claim is a new context, the Court must then consider whether any special factors counsel hesitation in granting an extension of this remedy into the next context. *Id.*; *Hernandez*,

589 U.S. at 102. If even one reason gives the court pause before extending *Bivens* into a new context, the court cannot recognize a *Bivens* remedy. *Hernandez,* 589 U.S. at 102.

*Count 1*

Nance alleges that the defendants were deliberately indifferent to his conditions of confinement under the Eighth Amendment by painting over the windows in his cell. But the alleged conditions of confinement claim is not one in which an implied damages remedy is available under *Bivens* case law. It is similar to the conditions of confinement claim rejected by the Supreme Court in *Abbasi*. *See Abbasi*, 582 U.S. at 127-28, 143-44 (rejecting conditions of confinement claim brought under the Fourth and Fifth Amendments). *See also Schwartz v. Meinberg*, 761 F. App'x 732, 733-34 (9th Cir. 2019) (Eighth Amendment claim regarding the conditions of an inmate's cell, including a nonfunctioning toilet, is a new *Bivens* context). Thus, Nance's claim clearly presents a new *Bivens* context.

As to the second step, courts have found "special factors counseling hesitation," which precludes extending *Bivens* to an Eighth Amendment conditions of confinement claim. *See Oden v. True,* Case No. 18-cv-600-GCS, 2020 WL 4049922 (S.D. Ill. July 20, 2020) (Eighth Amendment conditions of confinement); *Sebolt v. Tyndall,* No. 19-cv-00429-JPH-DLP, 2021 WL 4948959 (S.D. Ind. Oct. 25, 2021) (Eighth Amendment conditions of confinement). Those factors include the prison's administrative remedies program which was available to Nance and the inaction on the part of Congress in providing prisoners with a statutory damages remedy for an inmate's conditions of confinement. *See Flournoy v. Sproul*, Case No. 23-cv-00010-JPG, 2023 WL 1069293, at *2-3 (S.D. Ill. Jan. 27, 2023); *Oden*,

2020 WL 4049922, at *6. Because there is no justification for extending *Bivens* to Nance's claims, the claim in Count 1 is **DISMISSED without prejudice**.

*Count 3*

Nance also alleges that the defendants' actions violated his equal protection rights because they painted over only the windows on one side of the prison, subjecting only some of the inmates to isolation with no basis for the difference in treatment (Doc. 1, p. 4). But this claim also implicates a new *Bivens* context. Although the Supreme Court has approved a *Bivens* cause action under the Fifth Amendment for gender-based employment discrimination, Nance's claim is different in a meaningful way because it raises an equal protection claim regarding the conditions of similarly situated inmates in a housing unit. *See Hernandez*, 589 U.S. at 103 ("A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized."); *Abassi*, 582 U.S. at 140 (declining to extend *Bivens* to conditions of confinement and equal protection claims brought by illegal alien detainees). And as previously stated, there are special factors counseling against extending *Bivens* to this type of claim. Thus, Nance's claim in Count 3 is also **DISMISSED without prejudice**.

**Injunctive Relief**

In addition to his claims for monetary damages, Nance also seeks injunctive relief, requesting that officials be ordered to remove the paint from the outside of the windows at the prison (Doc. 1, p. 7). He also sues the defendants in their official, as well as individual, capacities (*Id.* at p. 2). *Bivens*, however, provides for an implied *damages* action against officials in their *individual* capacities, and Nance seeks *injunctive* relief against officials in their *official* capacities. *See Bivens*, 403 U.S. 388. Thus, Nance cannot proceed against defendants in their official capacity under *Bivens*.

Nance also has cited to 28 U.S.C. § 1331, however, as a basis for the Court's jurisdiction. "Section 1331…provides jurisdiction for the exercise of the traditional powers of equity in actions arising under federal law. No more specific statutory basis is required." *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1232 (10th Cir. 2005); *see also Bell v. Hood*, 327 U.S. 678 (1946) (recognizing the "jurisdiction of federal courts to issue injunctions to protect rights safeguarded by the Constitution"). The Supreme Court has also allowed an action for injunctive relief against a federal agency to proceed in *Bowen v. Massachusetts*, 487 U.S. 879, 893 (1988). Nance adequately alleges at this stage that Warden Thomas Lillard ordered the painting of the cell windows on one side of the prison, a move that allegedly created unconstitutional conditions of confinement and violated his equal protection rights. Thus, Nance's claims against Thomas Lillard, in his official capacity as warden of Greenville, in Counts 2 and 4 shall proceed. Nance's claims against Captain Scarbrough are **DISMISSED without prejudice**. *White v. Sloop*, 772 F. App'x 334, 336-37 (7th Cir. 2019) (injunctive relief may be pursued against a high-ranking

federal agency official in his official capacity); *Kourani v. Sproul*, Case No. 21-cv-01721-JPG, 2022 WL 1185126, at *5 (S.D. Ill. Apr. 21, 2022) (proper party for injunctive relief is the current warden, in his official capacity, and not medical officials). Nance's motion for expedited ruling (Doc. 18) and motion for status (Doc. 22) related to that motion, are **DENIED as moot**.

## Motions

In addition to his Complaint, Nance filed a motion for special master (Doc. 2), seeking the appointment of a special master to review the windows at Greenville. The Court finds that Nance's motion is premature as the defendant has not yet been served or filed an Answer. Further, Nance fails to offer any basis for the appointment of a special master. A court may appoint a special master only to "perform duties consented to by the parties,", hold proceedings in exceptional circumstances, or "address pretrial and posttrial matters that cannot be effectively and timely addressed by a district judge or magistrate judge of the district." FED. R. CIV. P. 53(a)(1). Appointment of a special master "is the exception and not the rule and…there must be a showing that some exceptional conditions require such an appointment." *Williams v. Lane*, 851 F.2d 867, 884 (7th Cir. 1988). Although Nance indicates that he requests a magistrate judge be assigned as special master to view the windows because he believes that will resolve his claims, there is currently no basis to assign a special master. Nance's claims are not complex nor so time-consuming as to warrant the appointment of a special master. His motion (Doc. 2) is **DENIED**.

Nance also seeks the assignment of counsel to help him litigate his claims (Doc. 6). Although Nance states that he has made attempts to obtain counsel on his own, he fails to provide any additional information including what attorneys he contacted, when he contacted them, and their response, if any. Thus, the Court **DENIES** Nance's request for counsel. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Should he choose to move for recruitment of counsel at a later date, the Court directs Nance to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. If he is unable to contact an attorney, he should include a statement explaining why he cannot meet this threshold requirement.

## Disposition

For the reasons stated above, Counts 2 and 4 shall proceed against Thomas Lillard, in his official capacity only, for injunctive relief. All other claims, including the claims against Shawn Scarbrough, are **DISMISSED without prejudice**.

Because Defendant Thomas Lillard is sued in his official capacity only, the Clerk of Court is **DIRECTED** to prepare and effectuate service by formal summons. The Clerk of Court is **DIRECTED** to complete, on Nance's behalf, a summons and form USM-285 for service of process on Thomas Lillard (official capacity); the Clerk shall issue the completed summons. The United States Marshals Service **SHALL** serve Thomas Lillard (official capacity) pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.

All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the Complaint (Doc. 1) and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the Complaint (Doc. 1) and this Memorandum and Order.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Nance, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Nance is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply

with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    DATED: November 4, 2024

                                                  **NANCY J. ROSENSTENGEL**
                                                  **Chief U.S. District Judge**

## Notice to Plaintiff

    The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your Complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions. Motions filed before the defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**