## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMY LAWRENCE NANCE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 24-1632 |
| THOMAS LILLARD, | ) |
| Defendant. | ) |

## ORDER

**DALY, Magistrate Judge:**[1]

This matter comes before the Court on Motions for Joinder (Docs. 40 & 42) filed by the non-parties Charles Ford and Joseph C. Sklenka. Plaintiff Jimmy Lawrence Nance, an inmate of the Federal Bureau of Prisons who is currently incarcerated at the Federal Correctional Institution—Greenville, brought this action for deprivations of his constitutional rights. (Doc. 1). He specifically alleged that on October 14, 2023, the outside cell windows at FCI—Greenville were "painted" to block all view of the outside world and direct sunlight, creating a tomb-like atmosphere in the cell. (Doc. 1, p. 1-3). Nance alleged this action was authorized and ordered by Warden Thomas Lillard and included approximately 120 cells, including his. (*Id*.). He alleged that the lack of light is harmful to his mental stability because he becomes disoriented when he is not able to distinguish between day and night.

---

[1] This case has been assigned to the undersigned through the parties' consent to conduct all proceedings, including trial and entry of judgment pursuant to 28 U.S.C. Sec. 636(c) and Federal Rule of Civil Procedure 73. (Doc. 37).

Following the preliminary review of the complaint, Nance was allowed to proceed on the following two counts:

> Count 2:   Eighth Amendment condition of confinement claim for injunctive relief against Warden Thomas Lillard for painting the windows in Nance's cell, blocking all sunlight and view of the outside.
>
> Count 4:   Fifth Amendment equal protection claim for injunctive relief against Warden Thomas Lillard for painting the windows in Nance's cell, blocking all sunlight and view of the outside.

(Doc. 24).

Now before the Court are the Motions for Joinder (Docs. 40 & 42) filed by the non-parties Charles Ford and Joseph C. Sklenka. This is Ford's third and Sklenka's second attempt to be added as plaintiffs to this case. (*See* Docs. 17, 21 & 27). The Court denied their prior motions for joinder, explaining that they should have been filed by Nance, as opposed to them. (Docs. 20, 25 & 32). The Court further directed the Clerk to send Ford and Sklenka blank Civil Rights Complaint forms, explaining that if they wanted to proceed with their own claims, they would need to file their own lawsuits. (*Id.*). Ford has now filed a letter along with a civil rights complaint pursuant to 28 U.S.C. § 1331, in which he again asks the Court to add him as a plaintiff in this action. (Doc. 40). He does not set forth any specific facts in his complaint but rather merely states that he is similarly affected by the facility's decision to paint the cell windows and that he "adopt[s]" Nance's complaint. (*Id.*). Likewise, Sklenka filed a civil rights complaint pursuant to 28 U.S.C. § 1331, in which he asks that he be added as a plaintiff in this action. (Doc. 42 at 6-7). He does not set forth any specific facts other than merely stating that he "would adopt [Nance's] filed motion" because he also suffers loss of view to the outside world. (*Id.* at 6).

Under Rule 20, persons may be added in one action as plaintiffs if (a) "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same

transaction, occurrence, or series of transactions or occurrences," and (b) "any question of law or fact common to all plaintiffs will arise in the action." FED. R. CIV. P. 20(a). However, as the Court explained in its prior orders, motions for joinder must be filed by existing parties. *See Thompson v. Boggs*, 33 F.3d 847, 858 n.10 (7th Cir.1994) (noting the lack of any precedent granting a non-party's motion for joinder); *Arrow v. Gambler's Supply Inc.*, 55 F.3d 407, 409 (8th Cir. 1995) (holding that only existing parties may move to join additional parties). Here, Ford and Sklenka are not parties in this action, and therefore, the Court will not add them as plaintiffs to this case under Rule 20.

However, the Court needs to further review Ford's and Sklenka's letters and accompanying complaints as an attempt to intervene in the case under Federal Rule of Civil Procedure 24. Rule 24 recognizes two types of intervention: intervention as of right and permissive intervention. FED. R. CIV. P. 24. A non-party may intervene as a matter of right if there is a federal law authorizing intervention or if the moving party has an interest relating to the property or transaction at issue in the litigation, and that interest may, as a practical matter, be impaired or impeded by the disposition of the case without him. FED. R. CIV. P. 24(a); *Driftless Area Land Conservancy v. Huebsch*, 969 F.3d 742, 746 (7th Cir. 2020). Here, Ford and Sklenka have not asserted, and the Court is unaware of, a statute that would authorize them to intervene in this case. Further, they have not established any interest in this litigation that would be impaired or impeded by the disposition of this case without them. Accordingly, Ford and Sklenka cannot intervene as a matter of right.

Permissive intervention, on the other hand, may be allowed where the proposed intervenor is given a conditional right to intervene by a federal statute or has a claim or defense that shares with the main action a common question of law or fact. FED. R. CIV. P. 24(b)(1). The decision is left to the discretion of the Court, which must also consider "whether the intervention will unduly

delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3). Rule 24 further requires that a motion to intervene state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought. FED. R. CIV. P. 24(c).

Here, neither Ford nor Sklenka have identified a federal statute giving them a conditional right to intervene in this case. Looking at their complaints, they both merely allege that they are affected by the cell-windows being painted and that they are denied direct sunlight and view that is available to most of the population. They further state that they adopt Nance's complaint. However, their attempt to incorporate Nance's complaint by reference does not comply with Rule 24, which requires that the pleading sets out the claim for which intervention is sought. Even under the most liberal review of their complaints, the factual allegations therein are insufficient to state a claim: neither Ford nor Sklenka state if they are currently incarcerated in Greenville; they do not provide any information as to who ordered the cell windows to be painted and they do not state if they have suffered any injury as a result of the cell windows being painted.

Even assuming that Ford and Sklenka had sufficiently stated a claim, the Court would still not be inclined to allow them to intervene in this action as it would likely unduly delay the adjudication of the original parties. Defendant Lillard already filed an answer and did not raise the defense of exhaustion of administrative remedies. (Doc. 35). This case is proceeding with discovery on the merits. (Doc. 38) Both Ford and Sklenka, however, state in their respective complaints that they have not exhausted their administrative remedies prior to their attempt to intervene in this case. (Doc. 40, p. 5; Doc. 42, p. 4). They aver that requiring them to exhaust administrative remedies would be futile because Nance's grievance on the same issue was denied. (*Id.*). Assuming they were allowed to intervene, the Court anticipates that Defendant Lillard

would raise the affirmative defense of failure to exhaust administrative remedies, thus causing an undue delay to Nance's claim. Accordingly, the Court will not allow Ford and Sklenka to intervene in this case. To the extent either of them wishes to proceed with his own claim, he will need to file his own lawsuit and pay his own filing fee.

For the reasons set forth above, Ford's Motion for Joinder (Doc. 40) and Sklenka's Motion for Joinder (Doc. 42) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: 1/27/2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**