IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMY LAWRENCE NANCE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil No. 3:24-cv-1632-RJD |
| THOMAS LILLARD, | ) ) ) |
| Defendant. | ) |

**PROTECTIVE ORDER**
**REGARDING THE PRODUCTION OF PHOTOGRAPHS**

**DALY, Magistrate Judge:**[1]

This matter comes before the Court on Defendant's Motion for Protective Order Regarding the Production of Photographs (Doc. 51). Plaintiff filed a response agreeing to the entry of Defendant's proposed protective order but objecting to Defendant's representation that personal possession of any BOP facility photographs by Plaintiff would raise security concerns. (Doc. 54). Based on Plaintiff's response, Defendant's Motion for Protective Order Regarding the Production of Photographs (Doc. 51) is GRANTED in part as follows:

    1.    In response to discovery requests, Defendant has agreed to produce two photographs of a cell within FCI Greenville, taken on December 13, 2024 (hereinafter, "December 2024 Cell Photos" or "the Photos"). Defendant has agreed to produce the photographs subject to the entry of a protective order by the Court allowing Plaintiff to view the photographs in the presence of his case manager but precluding him from possessing them outside of his case manager's office. Defendant requests this protective order extend to all future production of photographs of any portion of a BOP facility.

---

[1] This matter has been assigned to the undersigned to conduct all proceedings, including the trial and final entry of judgment, through the parties' consent pursuant to 28 U.S.C § 636(c) and Federal Rule of Civil Procedure 73. (Doc. 37).

2. Upon reviewing Defendant's motion, the Court finds that entry of the requested protective order is necessary and appropriate to protect the safety and security of BOP institutions, including at FCI Greenville.

3. The December 2024 Cell Photos shall be provided to and held by Plaintiff's BOP case manager until the conclusion of this litigation. Plaintiff may view and inspect the Photos only while in the presence of his case manager and only while in the case manager's office. Except as otherwise stated in this Order, Plaintiff shall not possess the Photos in any way outside the office of his case manager.

4. Plaintiff shall be allowed reasonable access to view the December 2024 Cell Photos, while accounting for the schedule and work responsibilities of Plaintiff's case manager. Plaintiff shall coordinate with his case manager to schedule time to allow him to reasonably view the Photos. Plaintiff is not entitled to view the Photos merely upon demand.

5. This Protective Order does not restrict Defendant from otherwise objecting to a discovery request. Likewise, this Protective Order does not restrict Plaintiff from otherwise challenging the completeness of a discovery response.

6. Defendant, through counsel, is not restricted from showing Plaintiff the December 2024 Cell Photos during a court proceeding, such as a deposition, hearing, or trial. In addition, this Order does not restrict Bureau of Prisons or law enforcement personnel from showing Plaintiff any photographs during the course of their official duties.

7. This Protective Order does not restrict, limit, alter, or affect the admissibility of any evidence at trial based on the Federal Rules of Evidence and does not otherwise restrict the parties from seeking preclusion of evidence based on inadmissibility under evidentiary rules.

8.	This Protective Order shall apply equally and in full to any future photographs produced by Defendant in this matter wherein the photograph includes any portion of a BOP facility.

**IT IS SO ORDERED.**

**DATED: June 12, 2025**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**