IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMY LAWRENCE NANCE,  )<br># 03781-084                       )<br>                                             )<br>        Plaintiff,                       )<br>                                             )<br>v.                                         )<br>                                             )<br>THOMAS LILLARD,              )<br>                                             )<br>        Defendant.                   )  | Case No. 24-cv-1632-RJD[1] |

## ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion for Preliminary Injunction and/or Protective Order (Doc. 59).   For the reasons set forth below, the motion is **DENIED**.

### Background

Plaintiff Jimmy Lawrence Nance, an inmate of the Federal Bureau of Prisons who is currently incarcerated at the Federal Correctional Institution—Greenville, brings this action for deprivations of his constitutional rights.  Doc. 24, p. 1.  Nance alleges that on October 14, 2023, Warden Thomas Lillard ordered that the outside cell windows of approximately 120 cells at FCI—Greenville, including those in Plaintiff's cell, be "painted" to block all view of the outside world and direct sunlight.  *Id.* at 2.  Plaintiff argued that Warden Lillard's actions create disparate treatment of similarly situated prisoners because only a select number of inmates lack access to

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c).  Doc. 37.

sunlight and views of the sky, while other inmates were not denied access. *Id.* After threshold review of the Complaint under 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on the following claims:

> Count 2: Eighth Amendment condition of confinement claim for injunctive relief against Warden Thomas Lillard for painting the windows in Nance's cell, blocking all sunlight and view of the outside.
>
> Count 4: Fifth Amendment equal protection claim for injunctive relief against Warden Thomas Lillard for painting the windows in Nance's cell, blocking all sunlight and view of the outside.

*Id.* at 2, 9.

## Discussion

Plaintiff filed a motion seeking a preliminary injunction and/or temporary restraining order against Defendant "to cease and desist destruction of legal materials" which are relevant to this action, as well as to "an appeal currently pending at the Fourth Circuit Court of Appeals in Richmond, Virginia." Doc. 59, p. 1, 4. Plaintiff alleges that on July 7, 2025, FCI Greenville was administratively placed on lockdown. *Id.* at 1. In the following days, inmates in Plaintiff's housing unit were ordered to place their belongings in a "green bag." *Id.* at 1. Anything that did not fit was deemed contraband and was discarded. *Id.* On July 11, 2025, Safety Officer J. Jones opened a locked closet located on the upper range of Plaintiff's unit and removed Plaintiff's clearly marked "legal" documents, which were not "in privity to the green bag." *Id.* Jones allegedly personally carried this material to the case manager coordinator and Dr. Sears, a psychologist, who began reviewing those documents. Plaintiff alleges that Dr. Sears then discarded several of those documents, including documents containing discovery and legal research for this case. Plaintiff alleges these actions were taken in retaliation for filing the present lawsuit. *Id*.

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be

a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). If Plaintiff meets her burden, the Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* Further, "a preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Daniels v. Dumsdorff*, No. 19-cv-00394, 2019 WL 3322344 at *1 (S.D. Ill. July 24, 2019) (quoting *Hallows v. Madison Cty. Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted)). The Prison Litigation Reform Act requires that preliminary injunctions must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

      Here, the allegations set forth in Plaintiff's motion are not related to the claims in this

lawsuit. In his motion, Plaintiff raises a First Amendment retaliation claim for interference with his legal mail. This claim falls outside the purview of this action, in which Plaintiff seeks injunctive relief for the painting of the windows in his cell and the blockage of all sunlight and view of the outside in violation of the Eighth and Fifth Amendments. Further, while Plaintiff assumes that this interference with his legal mail was in retaliation for this action, there is no indication that Defendant Lillard was involved in or directed the alleged retaliatory deprivation of Plaintiff's legal material. Because a motion for preliminary injunction "is not a proper avenue to pursue" new claims or name additional defendants, Plaintiff's motion is **DENIED**. *See Lyons v. Garcia*, No. 23-CV-02801-SPM, 2024 WL 4165107, at *2 (S.D. Ill. May 16, 2024). If Plaintiff wishes to pursue emergency injunctive relief for this unrelated claim, he should file a separate case under 42 U.S.C. § 1983. The Court expresses no opinion on the merits of any such claims.

## Conclusion

For the reasons set forth above, Plaintiff's Motion for Preliminary Injunction and/or Protective Order (Doc. 59) is **DENIED**.

**IT IS SO ORDERED**.

**DATED: October 9, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**