IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JIMMY LAWRENCE NANCE, <br> # 03781-084 <br> <br> Plaintiff, <br> <br> v. <br> <br> THOMAS LILLARD, <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 24-cv-1632-RJD |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**[1]

This matter comes before the Court on Plaintiff's Request for Additional Admissions (Doc. 62) and Renewed Motion for Recruitment of Counsel (Doc. 66). It also comes before the Court on Defendant's Motion to Substitute Party (Doc. 67) and Motion for Extension of Time to File Dispositive Motion (Doc. 68). For the reasons set forth below, Plaintiff's Request for Additional Admissions (Doc. 62) and Defendant's Motion for Extension of Time to File Dispositive Motion (Doc. 68) are **GRANTED in part and DENIED in part**. Plaintiff's Renewed Motion for Recruitment of Counsel (Doc. 66) is **DENIED**. Defendant's Motion to Substitute Party (Doc. 67) is **GRANTED**. The current discovery and dispositive motions deadlines are **VACATED** and **RESET** as follows: **discovery is due by March 30, 2026, and dispositive and *Daubert* motions are due by April 28, 2026**. The trial setting remains in place. The Acting Warden of FCI

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). (Doc. 37).

Greenville is substituted for Defendant Lillard. Defendant shall promptly notify the Court once a permanent Warden is appointed at FCI Greenville.

## Background

Plaintiff Jimmy Lawrence Nance, an inmate of the Federal Bureau of Prisons who is currently incarcerated at the Federal Correctional Institution—Greenville, brought this action for deprivations of his constitutional rights. (Doc. 24, p. 1). Nance alleged that on October 14, 2023, Warden Thomas Lillard ordered that the outside cell windows of approximately 120 cells at FCI—Greenville, including those in Plaintiff's cell, be "painted" to block all view of the outside world and direct sunlight. (*Id.* at 2). He alleged that the lack of light is harmful to his mental stability because he becomes disoriented when he is not able to distinguish between day and night. Plaintiff also argued that Warden Lillard's actions created disparate treatment of similarly situated prisoners because only a select number of inmates lack access to sunlight and views of the sky, while other inmates were not denied access. (*Id.*). After threshold review of the Complaint under 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on the following claims:

> Count 2: Eighth Amendment condition of confinement claim for injunctive relief against Warden Thomas Lillard for painting the windows in Nance's cell, blocking all sunlight and view of the outside.
>
> Count 4: Fifth Amendment equal protection claim for injunctive relief against Warden Thomas Lillard for painting the windows in Nance's cell, blocking all sunlight and view of the outside.

(*Id.* at 2, 9).

1. **Plaintiff's Request for Additional Admissions (Doc. 62)**

Plaintiff filed a motion asking leave to serve Defendant with additional Requests for Admissions. (*See* Doc. 62, pp. 2-7). In his response, Defendant argues that Plaintiff attempts to

serve two additional sets of requests for admission, totaling 23 new requests for admission. However, review of Plaintiff's motion and reply in support thereof shows that Plaintiff only seeks to serve one additional set of 13 requests for admissions.[2] (Doc. 62, pp. 3-4).

Under the Scheduling and Discovery Order, each party was allowed to serve up to 10 Requests for Admission. (Doc. 38, pp. 4). The Court stated this limit may only be increased "for good cause shown." (*Id*.). Plaintiff served Defendant with 10 Requests for Admission, to which Defendant responded on May 14, 2025. (Doc. 62, pp. 8-12). Plaintiff argues that the additional requests for admissions are necessary because Defendant's responses to his first set of requests for admissions were "evasive" and non-responsive. (Doc. 62, p. 2). Defendant opposes the motion, arguing that the responses provided are proper and Plaintiff has not established a good cause for the additional requests. (Doc. 63). The Court will first examine the adequacy of Defendant's response to Plaintiff's first set of requests for admissions and then turn to whether there is good cause to serve additional requests.

    a. **Plaintiff's First Set of Requests for Admissions**

Rule 36 allows a party to request that another party admit or deny the truth of certain facts, application of law to fact, or opinions about either. Fed. R. Civ. P. 36(a). Unless the court allows an admission to be withdrawn or amended, a responding party's admission or failure to respond to a request results in the matter being deemed admitted and conclusively established as between those parties for purposes of that litigation. Fed. R. Civ. P. 36(b); *Fabriko Acquisition Corp. v. Prokos,* 536 F.3d 605, 607 (7th Cir.2008). However, the responsive party may also object to the

---

[2] Plaintiff also attached to his motion a modified copied of his first set for requests for admissions, which the Court assumes Defendant misconstrued as an additional set of requests for admissions. (*See* Doc. 62, pp. 6-7).

request and provide the grounds for such objection. Fed. R. Civ. P. 36(a)(3)-(5). If, upon a motion by the requesting party to determine the sufficiency of an answer or objection, the court finds that the objection is not justified, it must order that an answer be served. If a response otherwise contravenes Rule 36, "the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36 (a)(6).

**Request for Admission No. 1**

Plaintiff asked Defendant "to admit or deny that on October 14, 2023, [Defendant] ordered Facilities at FCI to 'paint' approximately 200 plus outside windows . . . obstructing all direct sunlight and view to the outside world." (Doc. 62, p. 13). Defendant admitted that "around October 2023 transparent spray was applied" to certain cell windows but denied the remainder of the paragraph. (*Id.*). Plaintiff takes issue with Defendant's insertion of the word "transparent" in his response. But Defendant's response provides a qualified admission to a certain portion of Plaintiff's request and explicitly denies the remainder of it. "[W]hen good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Thus, Defendant's response complies with Rule 36.

**Request for Admission No. 2**

Plaintiff asked Defendant "to admit or deny that your BP9 response . . . stated that 'the windows were frosted with a specific pattern allowing natural light to enter through the frosted and unfrosted portions . . .'" (Doc. 62, p. 13). Defendant admitted the request, subject to an objection of relevance. (Doc. 62, p. 14). Plaintiff acknowledges Defendant's admission but takes issue with its substance because he argues that the window is completely obscured and no natural light can enter

the room. (*Id.*). However, Plaintiff requested Defendant to admit or deny the content of the BP9 response, not the very fact of whether Plaintiff's window is completely obscured, and no natural light can enter the room. Accordingly, Defendant's response to Request for Admission No. 2 is proper.

**Request for Admission No. 3**

Plaintiff asked Defendant "to admit or deny that painting cell windows blocking all direct sunlight is atypical and a significant hardship in relation to the ordinary incidents of prison life, creating an equal protection claim." (Doc. 62, p. 14). Subject to the objection that the request called for a legal conclusion and was overly broad, Defendant denied the statement. (*Id.*). Plaintiff argues that the response is evasive or non-responsive because "Defendant should be aware of actions that violate fundamental rights and equal protection." (*Id.*). However, Defendant did not avoid the response on the ground of lack of knowledge. Rather, he explicitly denied the truth of that statement. Denial of a statement is a proper answer to a request for admission under Rule 36(a)(4). Accordingly, Defendant properly responded to Request for Admission No. 3.

**Request for Admission No. 4**

Plaintiff asked Defendant to admit or deny "that throughout the administrative remedy process, no reasoning has been provided for selectively painting some windows . . . while others were not." (Doc. 62, p. 15). Defendant objected that the request is vague, ambiguous, and overly broad because it does not specify whose reasoning was not provided and does not provide any time or scope parameters when referring to the administrative remedy process. (*Id.*). While the Court agrees that the request is relatively vague, Defendant has already admitted that "BOP records reflect that Plaintiff received a response to an administrative remedy dated March 22, 2024, from

the Central Office in response to Plaintiff's complaint concerning the painting of the windows on his cellblock," and that the "Central Office determined that Plaintiff's concerns had been adequately addressed by the Warden and Regional Director." (Doc. 35, p. 5). Accordingly, **by March 2, 2026**, Defendant shall answer Plaintiff's request for admission No. 4 as it relates to the FCI Warden, Regional Director, and Central Office's responses to Plaintiff's administrative remedy dated March 22, 2024.

**Request for Admission No. 5**

Plaintiff asked Defendant to admit or deny the following: "that you informed Plaintiff in this action that you had painted windows at your last (4) institutions." (Doc. 62, p. 9). Defendant objected on that ground that it was not clear to whom Plaintiff was referring, and denied the request "as it lacked sufficient context." (*Id.*). The Court disagrees. Plaintiff's request for admission was directed at the only Defendant in this case, Thomas Lillard, who at the time of the request for admission was the Greenville FCI Warden. The word "you" referred to Defendant Thomas Lillard. Defendant shall provide a substantive response **by March 2, 2026**.

**Request for Admission No. 6**

Plaintiff asked Defendant to admit or deny that "the attached BP-9 supplied to Plaintiff . . . is accurate and correct." (Doc. 62, p. 10). Defendant objected because no BP-9 was attached to Plaintiff's request. "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Fed. R. Civ. P. 36(a)(2). Accordingly, Defendant's objection is sustained. However, Plaintiff is granted leave to renew his request for admission No. 6 if he furnishes Defendant with a copy of the document at issue.

**Request for Admission No. 7**

Plaintiff asked Defendant to "admit or deny that throughout the administrative remedy process no penological justification ha[d] been provided for painting select windows." (Doc. 62, p. 10). Defendant raised the same objection as in Admission No. 7. For the reasons explained thereto, **by March 2, 2026**, Defendant shall answer Plaintiff's request for admission No. 4 as it relates to the FCI Warden, Regional Director, and Central Office's responses to Plaintiff's administrative remedy dated March 22, 2024.

**Request for Admission No. 8**

Plaintiff asked Defendant to "admit or deny that the standards set forth by the American Correctional Accreditation require 'all inmate rooms/cells provide inmates with access to natural light by means of at least (3) square feet of transparent glazing.' ACA Standard 4-4147-1." Defendant objected on grounds of relevance, vagueness, and broadness of the request. However, Defendant's boilerplate objections are conclusory and do not explain how the request for admissions is not relevant to Plaintiff's claims, or on what aspect the request is vague or overly broad. *See Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015) (finding that district court did not abuse its discretion in deeming facts admitted where the plaintiff "provided only boilerplate objections, such as 'relevance' and 'vague and ambiguous.'"). Accordingly, Defendant's objection is **OVERRULED**. By **March 2, 2026,** Defendant shall answer Plaintiff's request by either admitting or denying the request or properly raising any objection.

**Request for Admission No. 9**

Plaintiff asked Defendant to "admit or deny that painting outside window blocking all direct sunlight in inmate cells/housing is a clear violation of this accreditation standard." (Doc. 62,

p. 17). Plaintiff objected on grounds of relevance, vagueness, and broadness of the request, but ultimately denied it. Denial of a request for admission is a proper answer under Rule 36(a). Accordingly, Plaintiff is not entitled to any further response to the request for admission No. 9.

**Request for Admission No. 10**

Plaintiff asked Defendant to "admit or deny that . . . no inmate whose outside window was painted has been charged with violating any institutional rule or received a disciplinary report." (Doc. 62, p. 18). Defendant objected on grounds of relevance and scope of the request. He further objected on grounds of institutional safety and security, citing a risk to other inmates from the release of information regarding their disciplinary histories. (*Id.*). Thereafter, Plaintiff limited the time range of his request from October 2023 through the present. (*Id.*).

It appears to the Court that through Request for Admission No. 10, Plaintiff intends to establish that the decision to paint the cell windows of only certain inmates did not serve any penological purpose or was not a proper disciplinary measure in response to misconduct by those inmates. Such a fact is relevant to Plaintiff's equal protection claim: depending on the applicable standard of review, Plaintiff needs to establish that the classification between inmates whose cell windows were painted and those who were not was necessary to promote a compelling governmental interest, narrowly tailored to achieve a substantial governmental interest, or rationally related to a legitimate government goal. *Alqsous v. Emmerich*, No. 25-CV-722-JDP, 2026 WL 125691, at *7 (W.D. Wis. Jan. 16, 2026) (summarizing the applicable standards of review). At the same time, a response to Request for Admission No. 10 can potentially implicate the privacy interests of nonparties. Further, Defendant has already admitted in answering the Complaint that "a translucent paint was applied to the windows on Plaintiff's cellblock to create a

'frosted' effect and obscure the view of the outside to *address security concerns*." (Doc. 35, pp. 2-3)(emphasis added).

Accordingly, to balance Plaintiff's interests in discovery of relevant information as well as the interests of Defendant and nonparties, the Court finds it appropriate to modify Plaintiff's request for admission No. 10. *See Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir.1996) (noting that the district court has considerable discretion when ruling on discovery motions and "may fashion a ruling appropriate for the circumstances of the case"). Accordingly, **by March 2, 2026**, Defendant shall respond to the following request for admission:

> **Admit or deny that the decision to paint only certain cell windows, as alleged in the Complaint, was not a disciplinary measure in response to misconduct by the inmates housed therein.**

### b. Plaintiff's Additional Requests for Admissions

The Court finds that the following additional requests for admissions are duplicative of Plaintiff's first set of requests for admissions: Requests for Admission No. 1, 2, 8, 9, 11, 12. Accordingly, Plaintiff's motion is **DENIED** as to those requests. As to requests for admission No. 3, 4, 5, 6, 7, 10, and 13, the Court foresees that Defendant might raise certain objections. However, the requests do not appear to be irrelevant to Plaintiff's claims, and requiring Defendant to respond to seven additional requests for admissions would not be overly burdensome. Those requests may help narrow the disputed issues at trial. Accordingly, Plaintiff is allowed to serve Defendant with the proposed requests for admission No. 3, 4, 5, 6, 7, 10, and 13. Plaintiff, however, is encouraged to consider limiting or specifying the time range of those requests to avoid any objection on that ground. Plaintiff is further advised that he may seek additional information regarding his claims through other forms of discovery, such as interrogatories and requests for production of

documents, if he has not already done so.

**2. Plaintiff's Renewed Motion for Recruitment of Counsel (Doc. 66)**

This is Plaintiff's second motion seeking recruitment of counsel, with the first motion being denied because Plaintiff failed to establish adequate attempts to obtain counsel on his own. (Doc. 6; Doc. 24, p. 9). While there is no constitutional or statutory right to counsel for a civil litigant, under Section 1915(e), a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). When presented with a request to appoint counsel, a court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff, who is proceeding in forma pauperis, attached rejection letters from numerous law firms declining him representation in this case. (Doc. 66, pp. 2-8). Accordingly, Plaintiff has sufficiently established reasonable attempts to obtain counsel on his own.

Plaintiff, however, has not demonstrated an inability to prosecute this case on his own. To prevail on his Eighth Amendment condition of confinement claim, Plaintiff will have to show that his conditions of confinement are "objectively so severe that he [is] deprived of 'the minimal civilized measure of life's necessities' and that prison officials acted with 'deliberate indifference' with respect to the conditions." *Jones v. Anderson*, 116 F.4th 669, 679 (7th Cir. 2024) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotation marks omitted)). To establish the objective component of the claim, Plaintiff will have to show

"the conditions were sufficiently serious as an objective matter" and imposed "an excessive risk" to his health and safety. *Id.* (citation and internal quotation marks omitted). As to the subjective component of the test, Plaintiff will need to demonstrate that Defendant had "actual knowledge that he faced 'a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Id.* (quoting *Farmer*, 511 U.S. at 847). This claim is not particularly complex, and it mostly concerns matters that fall within Plaintiff's personal knowledge, such as his actual exposure to sunlight and any health implications that he personally suffered because of his cell window being painted. As to the subjective component of his claim, Defendant has not denied that "transparent spray was applied to his cell windows." (*See* Doc. 35, p. 2). Even though Plaintiff still needs to show that Defendant was aware of the alleged excessive risk to Plaintiff's health and safety, Plaintiff's filings thus far demonstrate that he can carry out that burden.

Likewise, Plaintiff appears capable of prosecuting his Fifth Amendment equal protection claim on his own. Depending on the applicable standard of review, Plaintiff will need to establish that the classification between inmates whose cell windows were painted and those who were not was necessary to promote a compelling governmental interest, narrowly tailored to achieve a substantial governmental interest, or rationally related to a legitimate government goal. *See Alqsous*, 2026 WL 125691, at *7 (summarizing the applicable standards of review). As discussed above, Plaintiff has already served Defendant with proper discovery requests to establish those elements.

Further, Plaintiff has filed several motions and pleadings demonstrating his ability to communicate effectively with the Court and to prosecute this case, including during discovery.

*See, e.g.*, Doc. 18, 31, 39, 44, 47, 52, 55, 56, & 62). Plaintiff argues that the recruitment of counsel is necessary because Defendant noticed Plaintiff's deposition. (Doc. 66, p. 1). However, a deposition is a typical part of discovery and does not warrant recruiting counsel.

Because Plaintiff has not established that the complexities of this case exceed his ability to prosecute it on his own, his Renewed Motion for Recruitment of Counsel (Doc. 66) is **DENIED** at this juncture.

3. **Defendant's Motion to Substitute Party (Doc. 67)**

Defense counsel advises the Court that Defendant Thomas Lillard, the FCI Greenville Warden at the time Plaintiff filed suit, retired. He further advises that currently, there is no permanent Warden of FCI Greenville. In the meantime, Associate Wardens have been scheduled to serve as "Acting Warden of FCI Greenville" at various periods, and are carrying out the duties of the Warden, until a permanent Warden is in place. Under Federal Rule of Civil Procedure 25(d), substitution of a public officer is automatic when that official dies, resigns, or otherwise ceases to hold office while the action is pending. Fed. R. Civ. P. 25(d). For efficiency and judicial economy, Defendant requests that the Court substitute the official capacity position "Acting Warden, FCI Greenville" as the named defendant in this matter to prevent the need for numerous successive motions for substitution. The Court finds good cause exists to grant the request. The Acting Warden of FCI Greenville is substituted for Defendant Lillard. The Clerk of Court is **DIRECTED** to update the docket sheet accordingly.

### 4. Motion for Extension of Time to File Dispositive Motion (Doc. 68)

Plaintiff asked for a 45-day extension of the dispositive motion deadline, which was due December 15, 2025, due to the recent government shutdown. This Court entered a Scheduling and Discovery Order on January 14, 2025. (Doc. 38). Per the Court's Scheduling and Discovery Order, discovery was due on November 14, 2025, and dispositive motions were due by December 15, 2025. (Doc. 38, pp. 4, 5). Plaintiff timely moved for leave to serve Defendant with additional requests for admission and raised certain objections as to Defendant's responses to Plaintiff's first set of requests for admissions. In light of the Court's ruling on Plaintiff's Request for Additional Admissions, the Court finds it appropriate to reopen discovery and reset the discovery and dispositive motions deadlines as follows: **discovery is due by March 30, 2026, and dispositive and *Daubert* motions are due by April 28, 2026**.

### Conclusion

For the reasons set forth above, Plaintiff's Request for Additional Admissions (Doc. 62) and Defendant's Motion for Extension of Time to File Dispositive Motion (Doc. 68) are **GRANTED in part and DENIED in part**. **By March 2, 2026**, Defendant shall serve Plaintiff with supplemental responses to Plaintiff's first set of requests for admissions in accordance with this Order. Plaintiff is granted leave to serve Defendant with the proposed additional requests for admission No. 3, 4, 5, 6, 7, 10, and 13.

Plaintiff's Renewed Motion for Recruitment of Counsel (Doc. 66) is **DENIED**. Defendant's Motion to Substitute Party (Doc. 67) is **GRANTED**. The current discovery and dispositive motions deadlines are **VACATED** and **RESET** as follows: **discovery is due by March 30, 2026, and dispositive and *Daubert* motions are due by April 28, 2026**. The trial setting

remains in place. The Acting Warden of FCI Greenville is substituted for Defendant Lillard. The Clerk of Court is **DIRECTED** to update the docket sheet accordingly. Defendant shall promptly notify the Court once a permanent Warden is appointed at FCI Greenville.

**IT IS SO ORDERED**.

**DATED: January 29, 2026**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**